**WO** LMH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Cordova, | No. CV 05-2363-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe M. Arpaio, et al., | |
| Defendants. | |

In this civil rights action, Defendants moved to dismiss for lack of exhaustion (Doc. #10). Plaintiff responded, Defendants replied, and Plaintiff filed a sur-response (Doc ##12-14). The Court will deny the Defendants' motion without prejudice.

## I. The Exhaustion Requirement

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the

method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II. Parties' Contentions**

Plaintiff's Complaint claimed that the Durango Jail was unsafe, overcrowded and lacked adequate food (Doc. #1 at 4-6). For each of his three claims, Plaintiff alleged that he was told that his issue was not grievable (<u>Id.</u>). The Court ordered Defendants Maricopa County Sheriff Joseph Arpaio and Durango Jail Commander Peterson to answer (Doc. #6).

Defendants moved to dismiss, contending that the exhaustion requirement was not satisfied because (1) the jail records showed that Plaintiff did not file any grievances, (2) the process is available to all inmates for any condition at the jail, and (3) Plaintiff did not identify the persons who told him that his issues were not grievable (Doc. #10 at 5). In support, they submit the affidavit of Hearing Unit Sergeant Zelean Tademy (Tademy Aff. ¶¶ 4, 7-8, Attach. 1, Doc. #10).

Plaintiff responded that Tademy's affidavit was insupportable because she checked the jail's grievance logs with P07**4**970 as Plaintiff's booking number when it is P07**6**970 (Doc. #12). Defendants replied, submitting a corrected affidavit from Sergeant Tademy that the jail's records still showed no grievances for Plaintiff (Tademy Aff., Ex. 1, Doc. #13).

Plaintiff filed a sur-response indicating that Officers Ceballo and Hoak, and an officer with a badge number of A9378, were the persons who told him that his issues were not grievable (Doc. #14 at 1). Plaintiff further submits that he can hardly read and relies on outside help (<u>Id.</u> at 1). He incorrectly states that Defendants claimed that he signed a copy of the Inmate Rules and Regulations, thus indicating his acceptance of responsibility for their content. Defendants did not make such a claim. Nevertheless, Plaintiff's assertion implies that he was not familiar with the jail's rules allowing him to grieve all issues (<u>Id.</u> at 2). Defendants did not object to the filing of a sur-response nor did they file a sur-reply.

**III. Analysis**

As stated, Defendants bear the burden of demonstrating what remedies are "available." <u>See</u> <u>Wyatt</u>, 315 F.3d at 1119; <u>Brown</u>, 422 F.3d at 936-37. Relevant evidence

1 on what remedies are "available" includes official directives that explain the process, 2 documentary or testimonial evidence from prison officials who review the process, as well 3 as information provided to the inmate. Brown, 422 F.3d at 937. It is true that when prison 4 employees refuse to provide forms when requested, the inmate does not have any "available" 5 remedy. See Dale v. Lappin, 376 F.3d 652, 656-57 (7th Cir. 2004) (*per curiam*); accord 6 Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Miller v. Norris, 247 F.3d 736, 740 (8th 7 Cir. 2001).

Defendants submitted evidence that the grievance process does not limit the types of issues that an inmate may grieve. Plaintiff, however, has intimated that he was not familiar with these rules due to literacy problems. Moreover, he consistently stood on the allegation in his verified Complaint that he was told his issues could not be grieved, and he specifically identified three officers who told him so. In light of this evidence, the Court is not persuaded that Defendants have carried their burden of showing that a remedy was "available" to Plaintiff.

Notably, the record contains no testimony from any of the officers regarding the truth of Plaintiff's assertion that they told him that his issues were not grievable. There is also no evidence regarding whether other inmates were able to grieve similar issues. See Wyatt, 315 F.3d at 1120 n. 15 (remanding for further factual development of the record on exhaustion). In light of the undeveloped record and Defendants' failure to meet their burden, the Court will deny Defendants' motion without prejudice.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #10) is **denied** without prejudice.

**DATED this 19th day of October, 2006.**

Mary H. Murgula
United States District Judge